IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**JAMAL SIDDQ RICKENBACKER,**

    Petitioner,

    v.

**UNITED STATES OF AMERICA,**

    Respondent.

Criminal Case No.: RWT-08-0536
Civil Action No.: RWT-11-0502

## MEMORANDUM OPINION

Pending before the Court is Petitioner Jamal Siddq Rickenbacker's timely Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255(a) (2006). Pet'r's Mot. Vacate, Feb. 24, 2011, ECF No. 82. Petitioner claims that he received ineffective assistance of counsel in violation of the Sixth Amendment. *Id.* at 1–2. He argues that but for a supposed misrepresentation by trial counsel, he would not have pleaded guilty and instead gone to trial. *Id.*

For the reasons stated below, the Court shall deny Rickenbacker's motion and no certificate of appealability shall issue.

## BACKGROUND AND PROCEDURAL HISTORY

On August 15, 2008, Rickenbacker was arrested in a sting operation when he sold cocaine base (crack) to a confidential informant (CI) working with law enforcement. Gov't's Resp. in Opp'n at 1, May 6, 2011, ECF No. 84 (Gov't's Resp.). According to the Government's brief, law enforcement agents observed and recorded the transaction prior to making the arrest. *Id.* Rickenbacker was subsequently indicted by a grand jury on five counts arising from this transaction as well as contraband found during a plain view and consent search of his apartment. Indictment, Nov. 19, 2008, ECF No. 20.

On May 11, 2009, Rickenbacker accepted the terms of a plea agreement and pleaded guilty to one count of intent to distribute five grams or more of cocaine base and one count of possession of a firearm by a convicted felon. Plea Agreement, May 11, 2009, ECF No. 34. Prior to sentencing, on October 17, 2009, Rickenbacker moved to withdraw the guilty plea, claiming that his exposure at sentencing was not adequately explained to him. ECF No. 40. In the same filing, Rickenbacker's attorney, Nikki Lotze, moved for leave to withdraw from the case. *Id*. The Court granted Lotze leave to withdraw on September 10, 2009 [ECF No. 41], and on October 20, 2009, appointed Michael Lawlor as standby counsel for Rickenbacker [ECF No. 46]. On January 28, 2010, allegedly on Lawlor's advice, Rickenbacker withdrew his motion to withdraw the guilty plea. ECF No. 55.

Rickenbacker was sentenced to 168 months incarceration on February 25, 2010. ECF No. 63. On January 1, 2011, the Court of Appeals for the Fourth Circuit dismissed Rickenbacker's appeal, holding that his waiver of appellate rights in the plea agreement precluded consideration of his appeal. *United States v. Rickenbacker*, 407 Fed. App'x 766 (4th Cir. 2011) (unpublished).

Petitioner filed this Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255(a) on February 24, 2011. The Government filed its opposition on May 6, 2011 [Gov't's Resp.] and Rickenbacker replied on August 31, 2011 [Pet'r's Reply, Aug. 31, 2011, ECF No. 90].

**ANALYSIS**

Under 28 U.S.C. § 2255(a), a prisoner in custody may file a motion to vacate, set aside, or correct his sentence if it was imposed in violation of the U.S. Constitution. To prevail, a petitioner must prove his grounds for relief by a preponderance of the evidence. *See Jacobs v. United States*, 350 F.2d 571, 574 (4th Cir. 1965). Rickenbacker claims that he received ineffective assistance of counsel in violation of his Sixth Amendment rights because Lotze, his

first attorney, misrepresented the existence of electronic surveillance evidence against him, inducing him to plead guilty instead of proceeding to trial. Pet'r's Mot. Vacate at 1–2.

Courts examine claims of ineffective assistance of counsel during pleading under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). Under *Strickland*, defendants must show (1) that their attorneys' performance or actions were objectively unreasonable (the "performance prong"); and (2) that the defendant suffered prejudiced as a result (the "prejudice prong"). *See id.*; *United States v. Davis*, 346 Fed. App'x 941, 943 (4th Cir. 2009). "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Strickland*, 466 U.S. at 687; *Davis*, 346 Fed. Appx. at 944 ("Courts may bypass the performance prong and proceed directly to the prejudice prong when it is easier to dispose of the case for lack of prejudice").

### I. Rickenbacker Has Not Established that Lotze's Performance was Objectively Unreasonable.

To satisfy the performance prong, a defendant must prove that his attorney's actions were so far outside the "wide range of reasonable professional assistance" as to overcome judges' substantial deference to attorney decision-making. *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986); *Strickland*, 466 U.S. at 689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. Even incomplete investigations are reasonable assistance insofar as "reasonable professional judgments support the limitations on investigation" and counsel "made a reasonable decision that makes particular investigations

3

unnecessary." *Id.* at 690–691; *see also Kimmelman*, 477 U.S. at 381 ("[T]he defendant bears the burden of proving that . . . the challenged action was not sound strategy").

Rickenbacker alleges that Lotze told him that the Government possessed incriminating electronic surveillance evidence from the sting operation. Pet'r's Mot. Vacate at 1. He further alleges that after Lotze withdrew as counsel, Lawlor discovered that the Government did not have any such evidence. *Id.* at 2. He argues that Lotze's alleged misrepresentation constitute objectively unreasonable performance. *Id.*

Rickenbacker's argument is premised on the notion that Lotze's statement was actually false. He has not, however, provided evidence supporting that foundational premise. Outside the bald and conclusory allegations in his filings, the only evidence he brings is Lawlor's affidavit, which at most implies (but does not explicitly state) that the U.S. Attorney's Office told him that no such evidence existed. ECF No. 90-1 at ¶¶ 5–6. The Government, however, asserts that the transaction for which Rickenbacker was arrested was recorded and an electronic record existed, even if it was not disclosed to Lawlor. Gov't's Resp. at 6.

Even assuming *arguendo* that Lotze's statement was false, Rickenbacker has not proved that it constitutes objectively unreasonable assistance. He does not appear to argue that Lotze *intentionally* misrepresented the truth, so he must, therefore, be claiming that she conducted an objectively unreasonable investigation into whether the evidence existed. *See* Pet'r's Mot. Vacate at 1, 5. However, even an inadequate investigation is not necessarily inadequate performance if the record shows that a reasonable attorney in counsel's shoes would not have further pursued a particular line of investigation. *See Strickland*, 466 U.S. at 690–691. Here, as the Government points out, there was ample evidence to convict Rickenbacker beyond any electronic recordings:

> [T]he drug transaction was a controlled buy, monitored by several law enforcement agents, and the defendant was apprehended on the scene in

> possession of the recorded government funds provided to the CI. The drugs were recovered from the CI, who had been thoroughly searched prior to the deal . . . Furthermore, independent of the drug transaction, agents recovered substantial quantities of drugs, indicia of drug distribution, several weapons and hundreds of rounds of ammunition at [Rickenbacker's] residence, further inculpating [him] in the counts to which he plead guilty.

Gov't's Resp. at 7. Given the overwhelming quantity of evidence against Rickenbacker, it would have made little sense at the pleading phase to pursue the question of whether the Government's representation that it possessed recordings was true. Thus, even if Lotze's statement was false and based upon a decision not to investigate whether the Government actually had electronic evidence, that decision was reasonable under the circumstances and does not constitute objectively unreasonable performance.

**II. Rickenbacker Has Not Established that He Suffered Prejudice as a Result of Lotze's Performance.**

Because Rickenbacker has failed to show that his attorney's conduct was objectively unreasonable, it is not necessary to address the prejudice prong. *See Davis*, 346 Fed. App'x at 944. However, Rickenbacker claims that he suffered prejudice because, absent Lotze's supposedly inaccurate representation about the existence of electronic evidence, he would not have pleaded guilty and would have proceeded to trial. Pet'r's Mot. Vacate at 2.

A defendant who has pleaded guilty can only establish prejudice if he can show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 58–59; *United States v. Fugit*, 703 F.3d 248, 260 (4th Cir. 2012). A defendant's "subjective preferences are not dispositive"—he must show that going to trial would have been objectively reasonable under the circumstances. *See Fugit*, 703 F.3d at 260 (quoting *Padilla v. Kentucky*, 130 S.Ct. 1473, 1485 (2010)) (finding that the defendant suffered no prejudice because no reasonable defendant would have proceeded

5

to trial in light of the extensive evidence against the defendant, nearly all of which he acknowledged as true).

Rickenbacker is wholly unable to demonstrate that going to trial would have been reasonable. His subjective displeasure with a fourteen-year sentence aside, the Government possessed all of the physical evidence obtained during the sting, including drugs and the marked bills, and could likely have used the testimony of the monitoring offers and the CI at trial. *See* Gov't's Resp. at 9. The Government also had the physical evidence of drugs, guns, ammunition, and digital scales recovered at Rickenbacker's apartment, in addition to his girlfriend's statements that Rickenbacker lived there and that the contraband did not belong to her. *Id*. Moreover, like the defendant in *Fugit* who would likely have faced a host of other criminal charges had he proceeded to trial, it is reasonably likely that by pleading guilty, Rickenbacker obtained the benefit of having three of the five charges in the indictment dropped. *See Fugit*, 703 F.3d at 260. Faced with the overwhelming evidence supporting the Government's case against Rickenbacker and even if the Government did not possess incriminating electronic evidence, no reasonable defendant in his position would have gone to trial. Rickenbacker has therefore failed to show he suffered any prejudice due to Lotze's alleged misrepresentation.

## CERTIFICATE OF APPEALABILITY

Rickenbacker may not appeal this Court's order denying him relief under 28 U.S.C. § 2255 unless it issues a certificate of appealability. *United States v. Hardy*, 227 Fed. App'x 272, 273 (4th Cir. 2007). A certificate of appealability will only issue if the defendant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c) (2006); *Hardy*, 227 Fed App'x at 273. A petitioner "satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is

debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable." *See Miller-El v. Cockrell*, 537 U.S. 322, 336–37 (2003); *United States v. Riley*, 322 Fed. App'x 296, 297 (4th Cir. 2009) (unpublished).

Here, the Court has assessed Rickenbacker's ineffective assistance claim on the merits. Even interpreting all factual disputes in his favor, he has not—and cannot—show that he suffered prejudice, given the extensive evidence bolstering the Government's case. "There are cases where the most learned doctrines of law match the most untutored lessons of common experience." *Fugit*, 703 F.3d at 261. This, like *Fugit*, is one of those cases.

No reasonable jurist could find merit in Rickenbacker's claim that he was denied effective assistance of counsel in violation of the Sixth Amendment, and therefore no certificate of appealability shall issue.

## CONCLUSION

For the foregoing reasons, Rickenbacker's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 is denied and no certificate of appealability shall issue. A separate Order follows.

Date: July 18, 2013

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE